## W. P. BROACH *v.* S. E. SING.

1. **WILL.**  *Devisavit vel non.   Demurrer to evidence.*
   A demurrer to the evidence on the trial of an issue *devisavit vel non* is admissible.

2. **NUNCUPATIVE WILL.**  *Animus testandi.   Rogatio testium.*
   The statement of a sick person, that she wants her husband to have her property, although made in the presence of two witnesses, cannot be probated as her nuncupative will, if she neither mentions a will nor calls on any one to note her language.

3. **SAME.**  *Leading question.*
   If such witnesses signed a written statement, purporting to contain the testatrix's words and to set forth the attendant circumstances, the question whether the statement is true, addressed to one of them, by the petitioner, on the trial of the issue *devisavit vel non*, is properly rejected as leading.

APPEAL from the Chancery Court of Lauderdale County.

Hon. GEORGE WOOD, Chancellor.

Late at night, Mary Y. Broach, when she was very ill, but of sound mind, told her daughter that she wanted her son to have the articles in his room, and her husband the remainder of her property.   The daughter requested the nurse to remember what her mother had said.   Mrs. Broach neither mentioned a will, nor called on any one to notice her wish.   She died at nine o'clock next morning.   Her words, with the circumstances attending their utterance, were reduced to writing the same day, and signed by her daughter and nurse.   The appellant having petitioned for the probate of the document, as his wife's nuncupative will, the appellee answered, an issue *devisavit vel non* was framed, and a jury impanelled.   On the trial, the appellant asked the nurse whether the paper purporting to be Mrs. Broach's will, signed by the witness and the testatrix's daughter, was substantially true ; but the question was objected to and excluded.   Subsequently, the appellee demurred to the evidence, and the appellant contended that a demurrer was inapplicable to this issue.   The court overruled the objection, sustained the demurrer, and dismissed the petition.

*Hardy & Grace*, for the appellant.

1. It was erroneous to withdraw the case from the jury, to sustain the demurrer to the evidence. After an issue *devisavit vel non* has been submitted to a jury under Code 1871, §§ 1099, 1199, either party has the right to insist upon a verdict. *Whitfield* v. *Hurst*, 9 Ired. 170. Any other view would abrogate the statute. A trial by jury of the issue may be always avoided if a demurrer to evidence will lie.

2. The question which the appellant's counsel proposed to ask the nurse was unobjectionable. The issue was whether the statements contained in the paper signed by her were true; that is, whether the paper contained, as it purported to do, Mrs. Broach's last will and testament. The question was the only pertinent one which could be asked under the issue.

3. The *rogatio testium* was clearly established, and the case is within the rule laid down in *Parkison* v. *Parkison*, 12 S. & M. 672. The proof showed that the words were spoken *animo testandi*, and that the testatrix believed she was making a will. *Gibson* v. *Gibson*, Walker, 364. The paper which was signed, on the day of Mrs. Broach's death, by the witnesses, while the facts were fresh in their minds, shows the circumstances, and should outweigh the testimony of the same witnesses given after they had forgotten exactly what occurred.

No counsel, for the appellee.

CAMPBELL, J., delivered the opinion of the court.

A demurrer to the evidence on the trial of an issue *devisavit vel non* is admissible. The question propounded to the witness was a leading one, and was properly rejected. The evidence was wholly insufficient to establish the alleged nuncupative will. The *rogatio testium* required by law was not proved. There is no satisfactory evidence of the *animus testandi*.

*Decree affirmed.*