HUMPHREYS COUNTY *v.* CASHIN.

[90 South. 838, No. 22110.]

1. STATES. *Where statute permits state or subdivision thereof to be brought into court as litigant, it is subject to all rules of procedure.*
   Where the statute permits a state, or a subdivision thereof, to enter or to be brought into court as a litigant, it becomes subject, in the absence of a provision in the statute to the contrary, to all of the rules governing the procedure of the court in other cases.

2. VENUE. *Plaintiff in civil action against county s entitled to change of venue for undue influence of defendant's board of supervisors.*
   The complainant in a civil action in which a county is the defendant is entitled to a change of venue under the provisions of section 712, Code of 1906 (section 491, Hemingway's Code), when it is made to appear that he cannot obtain a fair trial in the court wherein the cause is pending because of the undue influence of the president and members of the county's board of supervisors.

3. APPEAL AND ERROR. *Where evidence is not in record, it will be presumed to sustain the petition on which change of venue was granted.*
Where the evidence on which a change of venue was granted is not made a part of the record, the supreme court will presume. on appeal that it sustained the allegations of the petition on which the change was granted.

4. COUNTIES. *Intention of parties to contract must be gathered from words of an order entered in the minutes of the board of supervisors.*
The intention of the parties to a contract evidenced by an order on the minutes of the board of supervisors must be gathered from the words therein used.

5. COUNTIES. *What legal services were for which a claim was allowed must be determined alone from the account filed and the order of the supervisors.*
Where a claim of an attorney for legal services against a county is. presented to and allowed by its board of supervisors, what the services were for which payment was allowed must be determined alone from the account filed with and the order made thereon by the board of supervisors.

6. ACTION. *Attorney's claims under contracts to represent county in certain litigation and subsequently in certain collection suits held separate and distinct causes of action.*
Where the validity of a statute creating a new county is denied by a county, a part of whose original territory·was embraced in the new county, and several actions at law have been instituted for the purpose of having the validity of the statute adjudicated, an order made by the new county's board of supervisors employing an attorney at law to represent the county in this litigation, and such other as might thereafter arise involving the validity of the said statute, and a subsequent order made by the same board of supervisors employing the same attorney to institute. such suits as might be necessary to collect from the old county the new county's portion of the public fund due it by the old county under the act under which the new county was created, set forth separate and distinct contracts, and claims by the attorney for compensation for services rendered under each of the contracts constitute separate and distinct causes of action.

7. EVIDENCE. *Opinions of attorneys at law of reasonable value of services are not conclusive of value.*
In an action by an attorney to recover the reasonable value of legal services rendered by him, the opinions of attorneys at law of the reasonable value thereof is admissible in evidence, but is not con-

clusive of the value of such services, that being a question which the jury should be permitted to decide from all of the evidence in the case relative thereto.

8. VENUE. *Provision that chancery court to which venue is changed shall try the issue by jury is mandatory.*

The provision of section 559, Code of 1906 (section 319, Hemingway's Code), that "the chancery court to which the venue is changed shall try the issue by a jury," is mandatory and deprived the chancery court to which the venue in the case has been changed of any discretion in granting or refusal of a trial by jury.

APPEAL from chancery court of Warren county.

HON. E. N. THOMAS, Chancellor.

Bill by J. M. Cashin against Humphreys County. Directed verdict and decree for the plaintiff, and the defendant appeals. Reversed and remanded.

*N. W. Sumrall, Frank E. Everett* and *J. F. Jones,* for appellant.

*Henry, Canizaro & Henry,* and *J. M. Cashin,* for appellees.

SMITH, C. J., delivered the opinion of the court.

The appellee exhibited an original bill of complaint against the appellant in the chancery court of Humphreys county, praying for a recovery against the appellant for the value of certain legal services claimed to have been rendered by him to it. The appellant by answer denied the appellee's right to recover, and on the application of the appellee a trial by a jury followed by a change of venue to Warren county was ordered. The evidence on which the change of venue was granted was not made a part of the record. In due course the cause came on for trial in the court below, and at the close of the evidence the court directed the jury to return a verdict for the appellee for three thousand five hundred dollars, the amount sued for,

and interest thereon, and there was a verdict and decree accordingly.

The case disclosed by the record is, in substance, as follows: Humphreys county, which was created by chapter 348, Laws of 1918, is composed of what was formerly parts of Holmes, Sharkey, Sunflower, Yazoo, and Washington counties, the validity of which statute and the legal existence of Humphreys county was not admitted by any of the counties out of whose territory it was formed until these questions were settled in the affirmative by this court in *State ex rel. Collins, Attorney General, v. Jackson et al.,* 119 Miss. 727, 81 So. 1. On July 9, 1918, there were pending two or more lawsuits in which one of the questions to be determined was the legality of the creation of Humphreys county, and in order that the county's interests might be protected therein its board of supervisors made a contract with the appellee and W. S. Knotts, attorneys at law, for that purpose, evidenced by the following order entered on its minutes:

"In the Matter of Litigation Involving the Legality of the Creation of Humphreys County.

"Where it appears to the board that the *quo warranto* proceedings have been filed in the circuit court of Yazoo county, Miss., by J. H. Howie, district attorney, one upon the relation of W. H. Downer against H. R. Ross, formerly a member of the board of supervisors of Yazoo county, Miss., who, it is alleged, continues to exercise the functions of said office without authority, because he resides in Humphreys county, and said Downer has been elected in his place, and the other by said district attorney against S. S. Hairston, justice of the peace of Humphreys county, to oust said justice of the peace upon the ground that Humphreys county has no lawful or legal existence.

"And it appearing to the board that the purpose of these suits is to have the court adjudge the creation of Humphreys county to be void, and that it is necessary and proper that the interest of Humphreys county should be protected in said suits, and that in the opinion of the

board it is advisable and necessary that special counsel should be employed, it is therefore ordered by the board that W. S. Knotts and J. M. Cashing be, and they are hereby, employed as special counsel for and in behalf of Humphreys county, to take such steps as they may deem proper in said suits and in any other litigation that may be instituted attacking the validity of the creation of Humphreys county, and they are also authorized to institute such suits and proceedings as they may deem necessary and proper to establish the legality and validity of the creation and organization of Humphreys county. For their services in said litigation they shall be paid by Humphreys county such fees and compensation as may be reasonable and proper. They are also authorized to request the aid and assistance of the district attorney of the Fourth circuit court district and the county prosecuting attorney of Humphreys county in said litigation to any extent their services may be desired."

The two actions at law referred to in this order were disposed of without the validity *vel non* of the creation of Humphreys county being determined, and thereafter, on August 9, 1918, another order was entered by the appellant's board of supervisors as follows:

"In the Matter of the Collection from Yazoo County, Miss., of the Funds of Said County, Owing to Humphreys County, Miss., under the Provisions of Section 8 of Chapter 348 of the Laws of 1918.

"It having been made to appear to the board that the board of supervisors of Yazoo county refuse to recognize the existence of Humphreys county and will refuse to enter an order directing the treasurer of Yazoo county to pay over to the treasurer of Humphreys county such proportionate part of all funds as were in his hands as treasurer of said county on the date of the organization of Humphreys county as the entire valuation of property in the territory taken from Yazoo county and embraced in Humphreys county bears to the entire valuation of property in Yazoo county, as shown by the assessment rolls of

the county for the fiscal year 1917, sixteenth section school funds excepted, as required by section 8 of chapter 348 of the Laws of 1918, it is ordered by the board that W. S. Knotts and J. M. Cashin, special counsel heretofore employed by this board, be, and they are hereby, authorized to institute such suits or proceedings as may in their judgment be necessary and proper to enforce the rights and demands of Humphreys county to said funds, and also to sixteenth section school funds, and such other funds in the hands of the treasurer of Yazoo county as may properly belong to Humphreys county."

• Under this order the appellee filed a bill in the chancery court of Yazoo county in the name of the appellant's treasurer for its use against the treasurer of Yazoo county, by which it was sought to recover for the appellant its portion of the public funds of Yazoo county due it under the terms of the statute by which it was created. While this suit was pending several actions at law were begun by the attorney-general against various officials of Humphreys county for the purpose of determining the validity of the county's creation in which the appellee, in connection with other attorneys, represented the defendants, and which resulted in judgments unholding the right of the defendants therein to exercise the duties of their offices on the ground that Humphreys county had been legally and constitutionally brought into existence. *State ex rel. Collins, Attorney General v. Jackson et al.,* 119 Miss. 727, 81 So. 1.

The suit by the appellant's treasurer in the chancery court of Yazoo county reached an issue, but the actual trial thereof was pretermitted by the following agreement of counsel:

"Whereas, there is now pending in the supreme court of Mississippi a case which is designed and expected to settle the principle involved in the above controversy, it is hereby agreed by counsel on both sides that the same shall be submitted to the chancellor for hearing in vacation, with the understanding that, should the supreme court of Mississippi hold that Humphreys county does not legally

exist, the bill will be dismissed, but that, if the supreme court should hold that it does legally exist, the defendants shall answer and make the discovery prayed for, and that both sides shall thereafter facilitate as early a hearing and determination of the cause in vacation as may be practicable, to the end that the whole controversy may be amicably settled, if possible; that is to say, that, if the amounts due to Humphreys county can be agreed upon without litigation, it shall be done, and a decree therefor rendered in vacation against the defendants for the payment of said sums of money. In the event an agreement as to the amounts due cannot be reached, then that issue shall be tried and determined in vacation, with all due expedition possible."

After the decision of the case referred to in this agreement, which was that of *State ex rel. Collins, Attorney General,* v. *Jackson et al.,* 119 Miss. 727, 81 So. 1, the public money due the appellant by Yazoo county was paid over to its treasurer; the appellee looking after the appellant's interests in the ascertainment of the amount due.

After all of the litigation heretofore referred to had been finally determined, and the public money due by Yazoo county to the appellant had been paid, the appellee and Knotts & Jones, of which firm the Knotts referred to in the order of the appellant's board of supervisors herein before set forth was a member, filed the following statement of account with the appellant's board of supervisors:

"Humphreys County, Miss., to Knotts & Jones and
J. M. Cashin, Dr.

"To fee for services rendered in defending suits brought by Yazoo county seeking to invalidate and annul the creation of Humphreys county, said suits being as follows:

"One styled, *State of Mississippi ex rel. J. H. Howie, District Attorney,* v. *S. S. Hairston, J. P.;* and one, *State of Mississippi, by J. H. Howie, District Attorney, ex rel. Downing* v. *H. R. Foss,* brought in the circuit court of Yazoo county, Miss., and which said suits were tried in said

county, and in which our demurrers for lack of jurisdiction were sustained and said suits dismissed.

"And three other suits, being styled, *State of Mississippi, by Ross A. Collins, Attorney General, ex rel. Yazoo County,* v. *J. S. Jackson et al.* (the members of the board of supervisors), brought in the circuit court of Humphreys county, Miss., and another styled *State of Mississippi, by Ross A. Collins, Attorney General, ex rel. Yazoo County,* v. *J. S. Jackson et al.* (the other members of the board of supervisors), brought in the circuit court of Humphreys county, Miss., and another styled *State of Mississippi ex rel. Ross A. Collins, Attorney General, ex rel. Yazoo County,* v. *J. S. Jackson and E. E. Barr*—which said last-named suits were tried, and in the first of which our demurrer to the information in the nature of *quo warranto* against said defendants was sustained, and said information dismissed, and in the last two cases our demurrers from lack of jurisdiction were sustained, and said suits dismissed, and for which said last-named three judgments the state prosecuted an appeal to the supreme court of Mississippi, in which court we filed briefs and argued said cases orally on the 11th day of December, 1918, said judgments being affirmed by the said court on the 29th day of January, 1919.  Three thousand five hundred dollars."

When the account came on to be heard the board entered the following order:

"Allowance of Attorneys' Fees for Defendant Humphreys County's Suit with the Attorney General.

"This day came on for hearing the matter of allowing a fee to the attorneys representing Humphreys county in the litigation wherein Ross Collins, attorney-general of the state of Mississippi, filed a mandamus proceeding against the board of supervisors of Humphreys county, and after a due consideration thereof the board doth find that the law firms of Knotts & Jones and J. M. Cashin be allowed a joint fee of two thousand two hundred and fifty dollars, and that attorney Jesse D. Jones be, and he is, allowed the

sum of five hundred dollars for his services rendered in said cause.

"The clerk of the board is hereby ordered to make a warrant to the said Knotts & Jones in the sum of one thousand one hundred and twenty-five dollars, and to the said J. M. Cashin in the sum of one thousand one hundred and twenty-five dollars, and to the said Jesse D. Jones in the sum of five hundred dollars."

The fee allowed by this order to the appellee was collected by him, and some time thereafter he presented to the appellant's board of supervisors a claim for a fee for services rendered in the suit filed by the appellant's treasurer for the recovery from Yazoo county of the public money due by it to the appellant. This claim was disallowed, and the appellee then exhibited the bill herein against the appellant for recovery thereof.

The evidence of the value of the services rendered by the appellee for which he here seeks to recover compensation was a detailed statement by him of the things done by him in the suit instituted by the appellant's treasurer for the money due it by Yazoo county, the amount of money recovered, and the opinion of the several attorneys at law that three thousand five hundred dollars would be a reasonable fee therefor.

Among the contentions of counsel for the appellant are: First, the court below erred in changing the venue; second, the employment by the appellant of the appellee was not for prosecuting or defending any particular lawsuit, but simply to render such legal services as might be necessary to establish the validity of the creation of Humphreys county, and that the money paid by the appellant to the appellee was intended and should be held to be in full payment of the services rendered by him in the various legal proceedings wherein the validity of the creation of Humphreys county was called in question; third, the appellee had only a single cause of action against the appellant for the services rendered by him in the various lawsuits hereinbefore referred to, and that the order entered by the ap-

pellant's board of supervisors awarding him payment for the services enumerated in his statement of account filed with it is a bar to a recovery for any services not set forth in the statement of account on which this order was based; in other words, the appellant's cause of action was single and could not be split; fourth, that the court below erred in directing the jury to return a verdict for the appellee.

1.   The grounds of the appellant's contention that the court below erred in changing the venue are:  First, that sections 559 and 712, Code of 1906 (sections 319 and 491, Hemingway's Code), which provide for a change of venue in civil actions, do not apply to cases in which the state or any subdivision thereof is a party; second, the motion for a change of venue sets forth no proper ground therefor; and, third, the evidence on which the court below acted in changing the venue should have been preserved and made a part of the record, so that this court can ascertain therefrom whether a change of venue was warranted thereby.

The reason assigned in support of the contention that the statutes regulating the granting of a change of venue in civil actions do not apply to actions in which the state or any subdivision thereof is a party is that neither the state nor any subdivision thereof is expressly referred to therein. The rule thus invoked has no application here; for, where a state or a subdivision thereof is permitted to enter or to be brought into the courts as a litigant, it becomes subject, in the absence of a provision in the statutes to the contrary, to all of the rules governing the procedure in other cases.

The motion for a change of venue alleges that the appellee cannot obtain a fair and impartial trial in Humphreys county "because of the undue influence of the president and certain members of the board of supervisors who have made this case a personal matter," etc.; and section 712, Code of 1906 (Section 491, Hemingway's Code), provides that the venue of a civil action may be changed when the party applying therefor cannot obtain a fair trial because of "undue influence of the adverse party;" and, while

the members of the appellant's board of supervisors are not, strictly speaking, parties hereto, they represent the appellant, control its action, and any undue influence exerted by them in this connection must necessarily be attributed to the appellant.

If any default attaches to the failure of the record herein to set forth the evidence on which the change of venue was granted, it must be attributed to the appellant, for the appellee was not concerned therewith, as he, of course, it satisfied with the order entered thereon. Moreover, the evidence not appearing in the record, we must assume that it supports the allegations of the petition.

2. The meaning of the two orders entered by the appellant's board of supervisors on July 9, 1918, and on August 9, 1918, must be ascertained from the words therein used, and, assuming for the present that they together constitute a single contract with the appellee, the compensation that would be due him for services rendered thereunder would be the aggregate value of the services rendered by him in each of the lawsuits in which he appeared as counsel pursuant to the contract; and, if the services rendered in any particular case were not taken into consideration in arriving at the amount paid him for the services rendered under the contract, he, of course, failed to receive the full amount due him; and it is clear from the account on which the order of payment was made and from that order itself, to which alone we can look in this connection, that the services rendered in the suit by the appellant's treasurer were not taken into consideration by the appellant's board of supervisors in fixing the amount to be paid the appellee. Whether the appellee can now maintain a suit therefor is another question which brings us to the third contention of counsel for appellant, which is that the appellee's cause of action was single and cannot be split.

3. Two questions arise in this connection: First . Was the appellee's cause of action for services rendered under the two orders entered by the appellant's board of supervisors single? Second. Does the rule prohibiting the split-

ting of a cause of action apply to the filing of claims against a county with its board of supervisors for allowance or rejection?

The contract evidenced by the order of the appellant's board of supervisors entered on July 9, 1918, covers only services to be rendered by the appellee in the lawsuits therein specifically referred to and such others as might be instituted for the purpose of attacking or establishing the validity of the creation of Humphreys county, and imposed no obligation upon him to render any services in the collection by Humphreys county of the money due it by Yazoo county.

It is true that the necessity for legal proceedings to collect this money grew out of the denial by Yazoo county of the validity of the creation of Humphreys county, and although that controversy might, but need not necessarily, be one of the questions that would be settled in a suit by the appellant for the recovery of the money due it by Yazoo county, nevertheless the obligation assumed by the appellee under the second order of the appellant's board of supervisors was not to establish the validity of the creation of Humphreys county, but to institute such suits and proceedings as might be necessary "to enforce the rights and demands of Humphreys county to said funds, and also to sixteenth section school funds, and such other funds in the hands of the treasurer of Yazoo County as may properly belong to Humphreys county."

The second order therefor sets forth a contract that is separate and distinct from the first, from which it follows that the appellee's claim for compensation thereunder is a cause of action separate and distinct from any cause of action he might have under the first order. That these causes of action could have been joined in one lawsuit does not, of course, merge them into one. The appellant's cause of action not being single, it will not be necessary for us to determine whether or not the rule against splitting a cause of action applies to claims filed with a board of supervisors.

4.   It is true that all of the attorneys who testified relative thereto stated that three thousand five hundred dollars would be a reasonable fee for the services performed by the appellee in the suit of the appellant's treasurer; but, while such evidence is admissible, it is not conclusive of the value of such services, that being a question which the jury should determine from all of the evidence in the case, that is, the opinions of the attorneys, the character of the services rendered, the time consumed in their performance, the amounts of money involved, etc.   (2 R. C. L. 1061; 22 C. J. 728; 20 Ann. Cas. 56; *Holly Springs* v. *Manning,* 55 Miss. 380; *Head* v. *Hargrave,* 105 U. S. 45, 26 L. Ed. 1028; *Railroad* v. *Emmerson,* 91 Miss. 230, 44 So. 928) ; and for the error committed by the court below in not permitting the jury to determine the value of the appellee's services its decree must be reversed.

If this were a case in which the court below was clothed with the discretion of disregarding the verdict of the jury and deciding all questions of fact without the jury's aid, a more serious question than we are here called on to decide would be presented by the granting of this instruction by which the court below withdrew a question of fact from the decision of the jury, for section 559, Code of 1906 (section 319, Hemingway's Code), expressly provides that "the chancery court to which the venue is changed shall try the issue by a jury," thereby depriving the court of any discretion in the matter.

*Reversed and remanded.*