## GRIFFIN v. JONES.

(Division B.   Nov. 23, 1931.)

[137 So. 784.   No. 29540.]

D. C. Bramlette, of Woodville, for appellant.

**Engle & Laub**, of Natchez, for appellant.

**Kennedy & Geisenberger** and **Whittington & Brown,** all of Natchez, for appellee.

Argued orally by **S. B. Laub** and **D. C. Bramlette**, for appellant, and by **Luther Whittington** and **W. A. Geisenberger**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

J. M. Jones sued out a writ of replevin for certain property alleged to be wrongfully detained from him by the appellant, Griffin. The property replevied was described in a contract by which Jones was authorized, when certain notes therein described became past due and unpaid, to take in possession and sell, either in person or by agent, after giving notice in writing for one week for the payment of the said notes. When the property was seized in the replevin suit the defendant, Griffin, failed to give bond for the forthcoming of the property, and the plaintiff, Jones, gave the bond and took possession of the property.

The replevin suit was defended but was not brought to trial for approximately two years after the suit was begun and the seizure made. In the meantime Griffin had filed suit against Jones for a breach of contract in

which the property replevied was used in hauling logs under the said contract, and had recovered a judgment of fourteen thousand dollars for the breach of the contract. In the declaration in this other suit plaintiff set forth that Jones had damaged him in the sum of fifty-three thousand dollars, but was entitled to a credit against such judgment or claim of seventeen thousand dollars, which the plaintiff, Griffin, in that suit owed Jones on account of advances made on the contract. It was claimed in this other suit that Jones had furnished Griffin something in excess of forty-four thousand dollars, and that Griffin had delivered logs, under the contract, to the value of some twenty-seven thousand dollars, and that the property replevied in the present replevin suit was used by Griffin in hauling said logs under said contract. The notes involved in the present replevin suit, which the property was conveyed to secure, amounted to something over six thousand dollars, and when the property was replevied by plaintiff, Jones, it was valued by the sheriff at six thousand dollars, or the amount of the notes due by Griffin to Jones.

After the judgment in the suit for breach of contract was obtained, an injunction suit was brought in the chancery court to restrain execution on the judgment and to have the debt evidenced by the notes deducted from the amount of the judgment. In that suit the attorneys who represented Griffin in the circuit court in the breach of contract suit intervened and filed a claim for some seven thousand dollars, being a contingent fee of fifty per cent which they were entitled to for prosecuting the suit under their contract with Griffin. It seems that the chancery court sustained the claim of the attorneys, which left an interest in Griffin of some seven thousand dollars in the judgment in that suit.

Griffin contends that he directed that the proceeds from the logs be applied in satisfaction of notes, and by this

means the notes were paid. This contention is not sustained, as at all times the amount furnished him to carry on the contract exceeded the value of the logs delivered under the contract.

In the present replevin suit it was contended that as the seizure under the writ of replevin was before the rendition of the judgment in the replevin suit, the plaintiff in replevin had used the teams, wagons, etc., embraced in the replevin suit and had damaged them and reduced the value thereof to a considerable extent. In fact, when the property was sold, under the mortgage, to Jones it only brought one thousand dollars. A contention is made on appeal that this deterioration in value should have been offset against the plaintiff's demand on the notes. The judgment of the circuit court seems to be in accordance with the statute upon cases where the plaintiff in replevin gives bond in case the plaintiff recovers judgment to retain the property. By section 3089 of the Code of 1930 it is provided that if the defendant shall not give bond within the time required by the section the sheriff shall deliver the property to the plaintiff, upon the plaintiff entering into bond to the defendant, with sufficient sureties, in double the value of the property, to be ascertained by the valuation of the officer, etc. This section provides further: "and in the event the judgment of the court shall be that the plaintiff restore the possession of the property to the defendant and the plaintiff shall deliver up said property in obedience to the judgment of the court, the plaintiff and the sureties on his replevin bond, regardless of what statute the bond is executed under, shall be liable to the defendant for any damage to, or depreciation in the value of, such property from the date of the surrender of said property to the plaintiff and the execution of his replevin bond to the date of its surrender by the plaintiff in obedience to the judgment of the court, in addition to any other damage which the defendant may sustain by reason

of the delivery of said property to the plaintiff, or his retention thereof, in virtue of said bond, and the defendant may recover such damages in the replevin suit, or may institute a separate action therefor on the plaintiff's replevin bond.''

This quoted provision of the statute considers the question where the judgment is in favor of the defendant. In such case the defendant may recover the amount of the depreciation in the replevin suit, but it does not apply where the plaintiff, since the replevin suit, retains the property thereunder and has judgment that he retain it. In such case the judgment is, as shown in the record here, that the plaintiff retain the property and that the defendant pay the costs. Where the property and the right of possession thereof is for the purpose of sale to satisfy a lien, the plaintiff, on recovering the judgment, proceeds with the sale. If the property has been damaged by the plaintiff while in his possession under such bond by being used by the plaintiff, the right of the defendant to recover therefor is in a separate suit. It is not involved in a replevin suit in such case, and the judgment in the replevin suit is not res judicata as against that claim in a suit on the bond or in a suit against the plaintiff personally.

If the suit in the chancery court hereinbefore referred to has not been terminated, the equity of the parties can be adjusted therein, and the defendant may recover or have awarded to him in that proceeding the value of the deterioration caused by the use of the plaintiff.

We are of the opinion that the peremptory instruction was proper, and that the judgment entered was a proper judgment under the law. The judgment is therefore affirmed.

Affirmed.