GRIFFIN *v.* JONES.

(Division A. May 7, 1934.)

[154 So. 551. No. 31046.]

**D. C. Bramlett,** of Woodville, and **Engle & Laub,** of Natchez, for appellant.

Whittington & Brown and Kennedy & Geisenberger, all of Natchez, for appellee.

**McGowen, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court allowing appellee, Jones, a set-off of a note for six thousand dollars executed by Griffin in favor of Jones, and secured by a mortgage on personal property with power of sale vested in Jones, the mortgagee. In 1928, the above mortgage being overdue and Griffin declining to surrender possession of the property, a replevin suit was instituted, and, the defendant therein, Griffin, declining to execute bond, Jones, as plaintiff therein, executed a forthcoming bond. All of the property was valued by the sheriff on the return of the replevin writ at three thousand dollars. The replevin suit was continued for several years, finally was tried, and resulted in a judgment for the plaintiff, Jones. Thereafter the property was promptly sold, subject to certain existing liens, for something in excess of three thousand dollars. A further statement of facts of the replevin suit is to be found in the case of Griffin v. Jones, 161 Miss. 776, 137 So. 784.

While this replevin suit was pending, Griffin sued Jones for damages in an action at law for the breach of a timber contract, and recovered judgment for about twelve thousand dollars in the lower court, which judgment was affirmed in this court on February 10, 1930. For a further statement of the result of this suit, see Jones v. Griffin, 157 Miss. 256, 126 So. 35.

After the replevin suit was disposed of in this court, Griffin brought a separate suit against Jones and the sureties on his forthcoming replevin bond for damages because of deterioration in value of the personal property seized in the replevin suit. Neither of the defend-

ants in that suit being a resident of Wilkinson county, the case was transferred to Adams county. Thereafter, when execution was about to be issued against Jones on the breach of contract judgment for an amount in excess of twelve thousand dollars, Jones filed a bill in equity seek- ing to set off the amount due on the note executed by Griffin against the judgment in Griffin's favor. An in- junction was issued as to the amount of the note, and the balance of the judgment in favor of Griffin was paid by Jones.

Thereafter the circuit court of Adams county trans- ferred the damage suit based on the replevin bond to the chancery court. The pleadings were made up, and a jury was impaneled to try the issue raised by the plead- ings as to whether or not Jones was liable for damages by reason of the deterioration of the property seized in the replevin suit. After all the evidence was heard, the court gave a peremptory instruction to the jury to find for Jones, the appellee here, and against Griffin, the ap- pellant here, and entered a judgment allowing the set- off as prayed for in the original bill for injunction.

The decree recites that, by the agreed statement of facts, the sole issue to be submitted to the court was the question of whether or not the property seized in the re- plevin suit was damaged by the plaintiff in replevin, Jones. As we view the record, the only serious question presented to this court on this appeal is whether or not the court erred in granting the appellee, Jones, a per- emptory instruction; it being urged that there was evi- dence upon which the jury might have rendered a verdict in favor of Griffin.

We are of opinion that it is entirely unnecessary for us to review the evidence adduced on the damage issue before the chancellor, because we think the great weight of the evidence sustained the decree of the chancellor's finding that no damage had accrued to Griffin on account of the replevin suit. The question here is whether the

decree of the chancellor is correct, irrespective of the jury, and as if no jury had been present. See Griffith's Chancery Practice, sec. 597, p. 663; Cook's Heirs v. Bay, 4 How. (5 Miss.) 485; Pittman v. Lamb, 53 Miss. 594; Studdard v. Carter, 120 Miss. 246, 82 So. 70. In the latter case section 558, Code 1906, relative to trial of issues of fact before a jury, was construed by this court, and the statement of law as stated in Griffith's Chancery Practice was there announced. The Legislature adopted the construction placed upon the statute by this court by re-enacting it as section 364, Code 1930, which is now binding upon this court. See Hughes v. Gully, State Tax Collector (Miss.), 153 So. 528, and authorities there cited. As the damage suit growing out of the replevin suit was transferred by the circuit court of Adams county to the chancery court of that county, it is not necessary for us to consider the case of Humphreys County v. Cashin, 128 Miss. 236, 90 So. 888. The chancellor's finding of facts was manifestly correct on the issue of damages.

Affirmed.

**Smith, C. J.,** delivered the concurring opinion.

I bow to the authority of Studdard v. Carter, 120 Miss. 246, 82 So. 70, and therefore concur in what has just been said; but I think that case was wrongly decided. It followed the case of Pittman v. Lamb, 53 Miss. 594, which was decided prior to the enactment of the statute now appearing as section 364, Code 1930, which first appeared in the Code of 1880 as section 1836 shortly after the decision in the case of Pittman v. Lamb, and was evidently intended to meet and correct it. It manifestly contemplates that a jury verdict in the chancery court should have the same effect as and be in all respects dealt with as is a jury verdict in the circuit court. This is made manifest by section 365, Code 1930, which appears as section 1837, Code 1880, under which, when a change of

venue is granted in the chancery court ''for the trial of all issues of fact to be tried by a jury,'' the chancellor is thereafter without power to dispense with the jury. Humphreys County v. Cashin, 128 Miss. 236, 90 So. 888.