# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-00037-SCT

*IN THE MATTER OF THE ESTATE OF BETTY HAMILTON LAKE, DECEASED: CHET H. LAKE, JR.*

*v.*

*MARY LAKE CHESNUTT*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/08/2024 |
| TRIAL JUDGE: | HON. CYNTHIA L. BREWER |
| TRIAL COURT ATTORNEYS: | DAVID W. DOGAN, III |
| | O. STEPHEN MONTAGNET, III |
| | PAUL E. ROGERS |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | O. STEPHEN MONTAGNET, III |
| ATTORNEY FOR APPELLEE: | PAUL E. ROGERS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | REVERSED AND REMANDED - 01/09/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. Chester "Chet" Lake filed this interlocutory appeal amid his contest of his sister Mary Chesnutt's probate of their mother's alleged will. He challenges the Madison County Chancery Court's striking as waived and untimely his Notice of Jury Trial. Holding the chancery court erred by striking Lake's notice, we reverse the chancery court's decision and remand this case to the chancery court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. Lake and Chesnutt's mother died on January 20, 2023, and left a Last Will and

Testament. Chesnutt subsequently filed a Petition to Admit Will to Probate and for Letters Testamentary on February 2, 2023. Lake doubted the will's validity, however, and filed a Caveat to Alleged Last Will and Testament[1] on February 6, 2023, as was his right under Mississippi Code Section 91-7-21 (Rev. 2021). He claimed that undue influence rendered the will inadmissible and requested that the issue of *devisavit vel non* (whether she devises or not) be tried pursuant to Section 91-7-21.

¶3. By agreement, the chancery court entered a scheduling order on June 19, 2023. The order set October 21, 2023, as the discovery deadline and November 30, 2023, as the motions deadline (excluding motions in limine). The order also set the case for trial on January 23-24, 2024, but it did not specify whether the trial was to be a bench or a jury trial.

¶4. After the discovery and motions deadlines passed, Lake filed a Notice of Jury Trial on December 22, 2023, requesting a trial by jury pursuant to Mississippi Code Section 91-7-19 (Rev. 2021). Chesnutt filed a Motion to Strike Notice of Jury Trial that same day, however. She claimed that Lake's participation in pretrial proceedings amounted to a waiver by Lake of his right to request a jury trial, that Lake's notice was a motion and was thus untimely under the scheduling order, and that whether to conduct a jury trial was within the discretion of the chancery court. Further, she emphasized that, in his caveat, Lake did not request a jury trial pursuant to Section 91-7-19 but that he did request that his contest be tried

---

[1] The caveat in the record is an amended caveat. Chesnutt filed a Motion to Supplement the Record (Motion Number 2024-1588) with two earlier caveats filed by Lake. We deny that motion here because her proposed supplement is immaterial to our analysis.

pursuant to Section 91-7-21.

¶5.    Lake filed a response to Chesnutt's motion to strike on December 28, 2023.  He claimed that Section 91-7-19 required the chancery court to conduct a jury trial once requested and afforded the court no discretion over whether to do so.  Chesnutt then replied to Lake's response on December 29, 2023.  She claimed that Lake agreed to a bench trial by signing the scheduling order and that Lake prejudiced her by participating in multiple proceedings only to request a jury trial near the scheduled trial date.  She also reiterated her argument that Lake's right to a jury trial could be impliedly waived.

¶6.    The chancery court entered an order granting Chesnutt's motion to strike on January 8, 2024.  The order contained two findings: (1) Lake "waived his right to a jury trial by the entry of the *Agreed Scheduling Order*[,]" and (2) Lake's notice was untimely because it was "filed six months after the [scheduling] order and less than one month prior to the trial date."[2]  Lake now appeals from that order.

## DISCUSSION

¶7.    Lake petitions this Court to determine whether his right to a jury trial under Section 91-7-19 is absolute or whether it can instead be impliedly waived, invoked in an untimely manner, or both.  Inquiry into this issue necessarily raises a question of law.  Accordingly, we apply a de novo standard of review.  ***Taylor v. Tolbert***, 324 So. 3d 763, 765 (Miss. 2021).

---

[2] Lake filed his notice thirty-two days prior to the scheduled trial date, which is more than, not less than, one month prior to the trial date.

3

¶8.    Section 91-7-19 provides:

> Any proponent of a will for probate may, in the first instance, make all interested persons parties to his application to probate the will, and in such case all who are made parties shall be concluded by the probate of the will. *At the request of either party to such proceeding, an issue shall be made up and tried by a jury as to whether or not the writing propounded be the will of the alleged testator.*

Miss. Code Ann. § 91-7-19 (Rev. 2021) (emphasis added).  The plain language of the statute explicitly establishes that "either side is entitled upon request for a jury to try the issue of whether . . . the proposed will was genuine, or *devisavit vel non*."  ***Varvaris v. Kountouris (In re Est. of Varvaris)***, 477 So. 2d 273, 277-78 (Miss. 1985).  But the statute is silent regarding whether this right can be forfeited.  The question before us is therefore temporal: when, if ever, can the parties' right to request and receive a jury trial under the statute expire due to implied waiver or untimeliness?

¶9.    Regarding implied waiver, ***Varvaris*** is instructive.  There, the parties to a probate proceeding participated in a bench hearing—without ever requesting a jury trial—on whether the contested will was the product of fraud or undue influence.  ***Id.*** at 275-76.  On appeal, Varvaris argued that the chancellor "should have impaneled a jury to decide whatever factual issue was pending before him" at the hearing.  ***Id.*** at 277.  Filling the silence in Section 91-7-19, the ***Varvaris*** Court held that "if a party desires a jury to try an issue of *devisavit vel non*[,] he is under a duty to specifically request a jury before any hearing on the matter."  ***Id.*** at 278.  Therefore, "any right to a jury trial was waived by both parties, not only by failing to file any request with the chancellor for a jury trial, but going through the entire hearing and never

4

making any request." *Id.*

¶10.    Returning to the present case, the record reveals that a hearing like that in *Varvaris* has not taken place.  Even so, the chancery court held that the entry of the scheduling order constituted waiver.  Under *Varvaris*, however, we do not ask whether Lake requested a jury trial prior to any proceeding—such as the entry of an agreed scheduling order—but whether he requested a jury trial *prior to any hearing* on the issue of *devisavit vel non*.  *Id.*  The entry of the scheduling order simply was not such a hearing.  As the record confirms, the upcoming trial was to be the first time the parties argued the issue of *devisavit vel non*.  Thus, we hold the chancery court erred by finding Lake waived his right to a jury trial upon entry of the scheduling order.

¶11.    Regarding untimeliness, the analysis is equally simple.  Lake's right to a jury trial is a *statutory right* guaranteed by Section 91-7-19.  *See generally **Fowler v. Fisher**,* 353 So. 2d 497, 500-01 (Miss. 1977) (holding "the role of a jury in a will contest is the same as that of a jury in a civil trial in a court of law and not 'merely advisory'").  The right is therefore "preserved to [Lake] inviolate[,]" barring an explicit waiver pursuant to Mississippi Rule of Civil Procedure 38(b), which Lake did not execute.  M.R.C.P. 38(a); *see* M.R.C.P. 38(b).  Consequently, Lake did not invoke the right in an untimely manner merely because his notice was "filed six months after the [scheduling] order and less than one month prior to the trial date."  Nor did he invoke the right in an untimely manner because his notice was filed after the discovery and motions deadlines passed.  Again, under *Varvaris*, the only temporal event

5

that could have divested Lake of his right—because he did not explicitly waive the right—was a hearing on the issue of *devisavit vel non*. Absent such a hearing, the chancery court enjoyed no discretion over whether to honor Lake's right and was bound by Section 91-7-19 to grant Lake a jury trial once requested. Thus, we hold (1) that Lake was entitled to invoke his right to a jury trial under Section 91-7-19 prior to a hearing or trial on the issue of *devisavit vel non* and (2) that the chancery court therefore erred by finding Lake's notice untimely.

¶12. We do recognize, however, that this holding invites parties to wait up to the day of a hearing to request a jury trial. But such delay would not be permissible. What separates this case is that Lake filed his Notice of Jury Trial thirty-two days prior to the scheduled trial date. Thirty-two days provided a reasonable time to summon a venire and prepare for a jury trial. While declaring exactly how far in advance a party must make a request is not necessary here, again, we find thirty-two days reasonable.

¶13. As a secondary matter, that Lake initially requested the issue of *devisavit vel non* be tried pursuant to Mississippi Code Section 91-7-21 rather than Section 91-7-19 is irrelevant. Section 91-7-21 provides the avenue for challenging the probate of a will. Lake therefore filed his caveat under that statute. Section 91-7-19 does not provide such an avenue, however. It instead only clarifies that all interested persons may be made parties to the probate of a will and that the parties have the right to a jury trial on the issue of *devisavit vel non* upon request. The two statutes therefore are not individual statutes that Lake was

required to choose between when initiating his challenge to Chesnutt's probate. They are instead two sides of the same coin, combining to govern both the probate of a will and a challenge to that probate.

## CONCLUSION

¶14. Lake requested a jury trial on the issue of *devisavit vel non*. Because no hearing on the issue has taken place and because Lake did not expressly waive his right to a jury trial, Section 91-7-19 required the chancery court to grant his request and conduct a jury trial on the issue. We therefore reverse the chancery court's striking of Lake's Notice of Jury Trial and remand this case to the chancery court for further proceedings consistent with this opinion.

¶15. **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN AND GRIFFIS, JJ., CONCUR. SULLIVAN AND BRANNING, JJ., NOT PARTICIPATING.**