Anderson, J.
delivered the opinion of the court.
Where an issue out of chancery was directed to be-tried at the bar of the common law court, it was a. *476 well established rule of practice, before the common law and chancery jurisdictions were united in the same judge, that the verdict of the jury should, be certified by the judge before whom the issue was tried to the chancellor; and that a motion to set aside the verdict, and to direct a new trial, could not be entertained by the common law court, but must be made in the chancery court. But if the judge of the common law court, certified to the chancellor that the verdict was against evidence, it was the duty of the chancellor, at least, if there had not been more than one trial, to set aside the verdict and award a new trial. In Grigsby v. Weaver, 5 Leigh 197, the judge before whom the.issue was tried, certified not only that the verdict was against evidence, but also the facts proved. The chancellor not only refused to direct a new trial, but entered a decree, founded upon the verdict, dismissing the bill. And the Court of Appeals—only three judges sitting—affirmed the decree; Broekenbrough, J., dissenting. Judge Carr, referring to Pleasants & als. v. Ross, 1 Wash. 156, and Southall v. McKeand, 1 Wash. 336, says, the farthest they go, is to hold, that as a general rule the chancellor ought not to be satisfied, where the certificate is against the verdict; admitting at the same time that the rule only holds where there is no circumstance appearing to vary the case. Brooke, J., says, that “if the judge had certified the verdict was contrary to the evidence, ■and no more” he (the chancellor) would have been bound to direct a new trial. Judge Brockenbrough ■did not think it clear that the judge had no other evidence than what he certified. And he thought the chancellor erred in confirming the verdict and decreeing upon it. He says no case has been produced, in which after a single trial, the certificate of the judge *477 against the verdict has been entirely disregarded. In that case all the judges concurred in the general rule, that where the judge before whom the issue is tried certifies to the chancellor against the verdict, it is the duty of the chancellor to set it aside, unless it appears from the evidence certified, or circumstances varying the case, that the verdict was wrong.
Since the union of the two jurisdictions of law and chancery in Virginia, although it is the policy of the law, that the distinctive character of the two jurisdictions shall be preserved in the exercise of their respective functions, yet, as prior to the union of the two jurisdictions, the issue might be tried at the bar of either, it cannot now be a matter of any consideration whether it is tried on the common law or the chancery side of the court. £Tor can it be material, as the issue is to be tried before the same judge, whether tried on the common law or chancery side of the court, to require the verdict to be certified to the same judge who presided at the trial. Though it might be well to observe this formality, it would be going too far to hold, that the order made by the judge, on the chancery side of his court, in the cause there depending, setting aside the verdict, which he thought contrary to the evidence, should be reversed, because he had not observed the formality of certifying to himself that it was against evidence. The court is therefore of opinion that there was no error in the decretal order made in this cause on the 17th day of September 1868, setting aside the verdict and directing a new trial of the issue, as altered and modified in said order; being of opinion that section 15 of eh. 177, Code of 1860, p. 738, was never designed to take from a court of chancery the power to direct a new trial of an issue in a cause depending therein.
*478 ^he court is further of opinion that the subsequent order made in the cause, on the 17th of April 1869, setting aside the decretal order of 1868, is unwarranted by anything appearing on the face of the record. We have seen that said decretal order was valid; that it rendered null and void the verdict, and directed a new trial of the issue. If the defendant had felt himself aggrieved by the order setting aside the verdict, he might have excepted to the ruling of the court, and had the facts proved at the trial, or the evidence spread upon the record, and thus said order might be reviewed. But that was not done, and there is nothing in the record to show that said order was erroneous. That decretal order could only be rescinded, and the verdict which it annulled revived, for cause appearing upon the face of the record. No such cause appears, and nothing even assigned as cause for its rescission. It could not have been set aside at a subsequent term, by the arbitrary order of the same judge who made it, much less by another judge who did hot preside at the trial of the issue, and who was not informed, so far as this record shows, of what was proved on the trial of the issue. If, when the courts were separate, it was error for the chancellor, not knowing what had been proved on the trial, to ratify the verdict, which had been certified by the judge who presided at the trial to be against evidence, much more would it be error for a judge who had not presided at the trial, nor been informed as to what was proved, to rescind at a subsequent term the decretal order of the judge who had presided at the trial, setting aside the verdict, and directing a new trial. It does not appear that the judge who set aside the decretal order of 1868, and restored the verdict, was informed as to what was proved' on the trial of the *479 issue, or that he was the same judge who had at a previous term set aside the verdict. It is a fact that he was not the same judge, which may be judicially known, though not appearing upon this record, being evidenced by the public records of the country.
The court is further of opinion that the final decree in this cause being founded upon the aforesaid erroneous order and abrogated verdict, is likewise erroneous.
The court is therefore of opinion, without looking into the merits of this case, or indicating any opinion thereon, to reverse said decree with costs, to set aside and annul the order of April 17th, 1869, which sets aside the decretal order of December 17th, 1868, and to remand the cause for further proceedings to be had therein in conformity with this opinion.
The decree was as follows:
The court is of opinion, for reasons stated in writing, and filed with the record, that there is no error in the decretal order of the 17th day of December 1868, setting aside the verdict of the jury, and directing a new trial on the issue as amended; and that the order of April 17th, 1869, setting aside said decretal order is erroneous, and should be set aside and annulled; and consequently that the decree of July 21st, 1871, founded upon said verdict, is erroneous. It is therefore ordered and decreed that the said last mentioned decree, and the said order of April 17th,. 1869, be reversed and annulled; and that the appellee, out of the estate of his intestate, pay to the appellant his costs expended in the prosecution of his appeal aforesaid here; and the cause is remanded to the said Circuit court of Rockbridge county, for further proceedings to be had therein in conformity with this decree, *480 without prejudice to the right of said Circuit court to make any change in the decretal order of December 1868, as to the court at whose bar the issue shall be tried, as may be deemed proper under the circumstances as they may then appear. Which is ordered to be certified to the said Circuit court of Rockbridge county.
Decree reversed.