# Richmond.

## MEADE AND OTHERS v. MEADE AND OTHERS.

### November 17, 1910.

#### Absent, Cardwell, J.

1. ISSUE DEVISAVIT VEL NON—*Demurrer to Evidence—Code, Sec.* 2544 —*"Shall" and "May."*—Upon the trial of an issue *devisavit vel non*, under section 2544 of the Code, the mode of proceeding is substantially the same as upon the trial of common law actions, and a demurrer to the evidence in such cases is not an invasion of the province of the jury in the trial of such issues. The jury are not the judges of the law in such cases, and the language of the section, "a trial by a jury shall be ordered," only means a jury trial accompanied by all the incidents and mode of procedure attendant upon such a proceeding. The word "shall" in the sentence quoted does not prevent a waiver of trial by a jury, but is to be construed in the sense of "may."

2. DEMURRER TO EVIDENCE—*Right to Demur.*—The right to demur to the evidence is a part of common law procedure, and where the legislature has desired to take it away it has done so in explicit terms.

3. DEMURRER TO EVIDENCE—*Jury Trial—Disputed Facts.*—A demurrer to evidence does not invade the province of the jury as triers of disputed facts, but assuming that the evidence demurred to is true, a question of law arising thereon is presented for the determination of the court.

4. ISSUES OUT OF CHANCERY—*New Trial—Issue Devisavit Vel Non.*— Since the union of the two jurisdictions of law and chancery under the same judge, it is immaterial on which side of the court an issue is tried, and hence it is likewise immaterial in which capacity the judge acts in awarding a new trial of such issue. A decree which ratifies, approves, accepts and confirms a judgment sustaining a demurrer to the evidence on the trial of an issue *devisavit vel non* in the same court is all that is necessary in the way of approving the results of the trial of the issue.

Appeal from a decree of the Circuit Court of Clarke countv Decree for defendants. Complainants appeal.

*Affirmed.*

The opinion states the case.

*Marshall McCormick* and *F. B. Whiting*, for the appellants.

*A. Moore, Jr.*, and *Francis L. Smith*, for the appellees.

HARRISON, J., delivered the opinion of the court.

This appeal originated in a bill in equity in the Circuit Court of Clarke county, to impeach the will of David Meade. There was an issue of *devisavit vel non*, and in the course of that proceeding the contestees demurred to the evidence and the contestants, over their objection, were compelled by the court to join in the demurrer.

The main contention made by the appellants is that a demurrer to the evidence in an issue of *devisavit vel non* will not lie, for the reason that section 2544, Code of 1904, confers probate jurisdiction upon a jury and not upon the judge who presides at the trial of the issue.

It is the well settled policy of our jurisprudence that in all civil cases juries are triers of the facts, while the law is determined by the court. It would require very clear and positive enactment to show that the legislature had changed the power of tribunals administering the law, by depriving courts of their judicial authority and entrusting the juries with such functions. There is nothing in section 2544 to justify the contention that the legislature has inaugurated such a policy. If the contention of appellants was sound, then a jury trying an issue of *devisavit vel non* would be judges of the law and facts, while the court would be stripped of its power, and would preside as a mere moderator for the pur-

pose of preserving order during the progress of the trial. Such an anomalous state of affairs cannot receive our approval. It is imbedded in our jurisprudence that the law of the case must emanate from the court.

Other provisions of chapter 112, of the Code, upon the subject of wills, of which section 2544 is a part, when read in connection with that section, show that the legislature did not intend to give juries the enlarged power claimed for them under it. No reason is perceived why a jury trying the issue under section 2544 should be invested with other or greater powers than a jury trying the issue provided by sections 2538 and 2542 of the Code. In both instances the jury is trying issues of the same nature. In each case the jury is trying an issue of fact, according to the course of the common law, under the direction of the presiding judge, subject to the principles of law and method of procedure applicable in such proceedings.

In support of the contention of the appellants they rely with earnestness upon the language, "* * * on which bill a trial by a jury shall be ordered, to ascertain," etc., found in section 2544. This language can only mean a jury trial, accompanied by all the incidents and mode of procedure attendant upon such a proceeding. The word "shall" in a statute providing that certain issues shall be tried by a jury does not prevent a waiver of trial by the jury, since the word is to be construed in the sense of "may." *Whipple* v. *Eddy*, 161, Ill. 114, 43 N. E., 789; *Chicago, &c., R. Co.* v. *Hock*, 118, Ill. 587, 9 N. E., 205; A. & E. Ency. L., p. 1097, note.

It can be stated in general terms that sustaining a demurrer to evidence is not in violation of a statute providing that the issue *shall* be tried by a jury, where the evidence is conceded to be true, and all legitimate inferences therefrom are admitted. *Hopkins* v. *Nashville Ry. Co.*, 96 Tenn. 409, 34 S. W., 1029, 32 L. R. A. 354.

In the case of *Reed* v. *McCormick*, 102 Va. 37, 51, 45 S. E. 868, the statute relied on provided that the defendant *shall* be

entitled to a jury when the amount involved exceeds twenty dollars, and that suits brought under it *shall* be governed in all respects by the provisions of the act," this court says: "Plaintiff in error claims that plaintiff had no right to demur to the evidence; that the statute by virtue of which this suit was brought expressly provides that defendant 'shall be governed in all respects by the provisions of this act.' While the statute invoked confers exclusive jurisdiction upon courts of law in the trial of cases such as these, it does not change or affect the rules of practice in those courts. Demurrers to evidence have been, time out of mind, a part of the orderly and regular procedure in courts of common law, and there is nothing in the act which discloses any intention upon the part of the legislature to alter or abridge them. If the language, that the defendant shall be entitled to 'a trial by jury,' as used in this statute, were sufficient in cases brought under it to take away the right to demur to the evidence, it would seem that the Bill of Rights would long ago have extirpated the practice; for it declares that in suits between man and man, a trial by jury is preferable to any other and ought to be held sacred. The right to demur to the evidence has come down to us as part of common law procedure along with the right of trial by jury. Indeed, if there were no trial by jury, there would be no demurrers to evidence. Where the legislature has desired to prohibit demurrers to evidence, it has done so in explicit terms, and section 2897 of the Code provides that, in an action for insulting words 'no demurrer shall preclude the jury from passing thereon.' "

In the case of *Lynchburg Milling Co.* v. *National Exchange Bk. of Lynchburg*, 109 Va. 641, 64 S. E. 981, it is said: "The plaintiff insists that it had an absolute right to a trial by jury under the statute of which it was deprived by the court's action in requiring it to join in the demurrer, but that assignment is founded on a misconception of the office of a demurrer to the evidence. It does not invade the province

of the jury as triers of disputed facts, but, assuming that the evidence demurred to is true, the court is called on to determine whether such evidence as a matter of law warrants a judgment for the demurree. In other words, it is a supervisory power over jury trials invoked and exercised by the courts, whose duty it is to decide questions of law arising upon undisputed facts.

"In 6 Ency. Pleading and Practice, 439, it is said: 'There is nothing in this practice which is in contravention of a jury trial.' Citing *Hopkins* v. *Nashville, &c. Ry. Co.*, 96 Tenn. 409, 34 S. W. 1029; 32 L. R. A., 354.

"That case contains an exhaustive review of the authorities and shows that the practice obtains in about one-half of the States of the Union, while in the United States courts and the courts of other States, much more drastic methods prevail, such as directing verdicts and ordering non-suits. The practice has come down to us from the common law and is too thoroughly imbedded in our jurisprudence to admit of serious question."

That a demurrer to the evidence, or the more modern practice of directing the verdict, is admissible upon the trial of an issue of *devisavit vel non*, see *Stewart* v. *Lyons*, 54 W. Va. 665, 47 S. E. 442; *Broach* v. *Sing*, 57 Miss. 115; *Wagner* v. *Zeigler*, 44 Ohio State, 59, 4 N. E., 705; *Purdy* v. *Hall*, 134 Ill., 303, 25 N. E., 645.

In the case last cited the court says: "With reference to the statutory proceeding to contest by bill in chancery the validity of a will, it is expressly stated in the statute (Rev. St., 1874, c. 148, sec. 7), that the issue shall be tried by a jury; and it follows that, in regard to the action of the court in taking the case from the jury and directing a verdict against the contestant, the same rule must be applied that obtains in respect to trials in suits at law. The rule in actions at law is that when the evidence given at the trial, with all the inferences that could justifiably be drawn from it, is so

insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant."

It is contended on behalf of the appellants that the test of this question is, "Who has the power to grant a new trial of the issue?" That, if the trial judge cannot grant a new trial, he has no power to entertain a demurrer to the evidence. It is insisted that the result of the trial must be sent by the judge who tried the issue of *devisavit vel non* to the judge of the chancery court who alone has power to set aside the verdict and grant a new trial.

Formerly our courts were divided into separate and distinct tribunals—the chancery courts and the common law courts; the first presided over by a judge known as the chancellor, while the latter were presided over by a different person, who was designated as the common law judge. At the time this system prevailed it was the practice, when an issue of *devisavit vel non* was ordered by the chancellor, to send the issue to the common law court to be tried by the judge presiding over that tribunal, whose duty it was to send the result of the trial to the chancery court for the chancellor to determine whether or not there should be a new trial. This cumbersome method of procedure has become wholly unnecessary since the union of the two jurisdictions of law and chancery in Virginia under one judge. It would be an idle and useless ceremony for a judge who was both the chancery and the common law judge to transfer to himself as common law judge, the trial of an issue *devisavit vel non*, and then to transfer the result of that trial to himself as chancellor, in order that he might, as chancellor, determine the question of new trial.

In the case at bar an order was entered in chancery, bringing the cause on to be heard upon the proceedings and order of the court on the trial of the issue, whereupon those pro-

ceedings together with the judgment of the court upon such issue were in all respects "ratified, approved, accepted and confirmed." This was all that was necessary.

In the case of *Lavell* v. *Gold*, 25 Gratt. 473, 477, this court said: "Since the union of the two jurisdictions of law and chancery in Virginia, although it is the policy of the law that the distinctive character of the two jurisdictions shall be preserved in the exercise of their respective functions, yet, as prior to the union of the two jurisdictions the issue might be tried at the bar of either, it cannot *now* be a matter of any consideration whether it is tried on the common law or the chancery side of the court. Nor can it be material, as the issue is to be tried before the same judge, whether tried on the common law or chancery side of the court, to require the verdict to be certified to the same judge who presided at the trial. Though it might be well to observe this formality, it would be going too far to hold that the order made by the judge on the chancery side of his court in the cause there depending, setting aside the verdict, which he thought contrary to the evidence, should be reversed, because he had not observed the formality of certifying to himself that it was against evidence."

It is clear, both upon reason and authority, that upon the trial of an issue *devisavit vel non*, the mode of proceeding is substantially the same as upon the trial of common law actions, and that a demurrer to the evidence in such cases is not an invasion of the province of the jury in the trial of such issues.

Upon the merits of the case, we are of opinion that the evidence, viewed from the standpoint of a demurrer to the evidence by the appellees, fails to establish want of capacity on the part of the testator to make a final disposition of his property, and also fails to show that undue influence was exerted over him.

We have considered the minor points made in the petition for appeal by the appellants, and are of opinion that no error to their prejudice appears therefrom.

Upon the whole case, we are of opinion that the decree complained of is right and must be affirmed.

*Affirmed.*