## Richmond

Orie S. Bryant v. R. H. Tunstall, et al.

January 13, 1941.

Record No. 2276.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*George E. Allen,* for the plaintiff in error.

*H. H. Watson* and *Fielding L. Wilson,* for the defendants in error.

SPRATLEY, J., delivered the opinion of the court.

On October 31, 1921, the Rajah Temple Beneficial Fund Association, of Roanoke, Virginia, hereinafter referred to as the association, issued to E. E. Bryant a certificate of membership and insurance. The association is a fraternal benefit society, organized and operating under chapter 171 of the Code of Virginia 1936, section 4273 to 4304, inclusive, in which membership is open to members in good standing of Rajah Temple 195 of the Dramatic Order of Knights Khorassan, Roanoke, Virginia, upon certain terms, conditions and provisions.

The pertinent portions of the by-laws of the association state that the purpose of its organization is "to provide, immediately upon the death of any member of the Association in good standing, a sum of money for the benefit of the widow, children or other beneficiary of the deceased member;" that any suspended member under 60 years of age may reinstate his membership by making application as a new member; and that upon death of a member in good standing, a sum of money equal to one

dollar for each member in good standing should be paid to the person named in writing by the deceased member as his beneficiary, the right being reserved to change the beneficiary on written notice to the secretary.

Certificate No. 573 issued to Bryant provided that, if he made due payment of the assessments of the association against him, death benefits would be immediately paid to his beneficiary upon his demise; but that if he failed to make such payments the failure would void his membership and forfeit all assessments theretofore paid. The certificate also reserved the right to change the beneficiary on the written request of the insured without the consent of the beneficiary.

Although no beneficiary was named in this certificate, it is admitted that Bryant designated his wife, Orie S. Bryant, as beneficiary thereunder. Her name continued as such beneficiary on the records of the association until May 4, 1939, when an attempted change of beneficiary was made as hereinafter recited.

Bryan stopped paying his assessments in the association in August, 1931, and he was dropped from membership in Rajah Temple on December 31, 1934, for non-payment of dues.

Giving his age as 59 years, Bryant made an application for reinstatement in the association, which was accepted and approved by the association on May 3, 1939. In this application he designated his beneficiary as follows: "My beneficiary R. H. Tunstall Related to me as Friend."

No new certificate of membership or insurance was issued.

On May 4, 1939, Bryant made a written contract with R. H. Tunstall, whereby, in consideration of Tunstall's agreement to pay his dues in Rajah Temple and all assessments made by the association, he agreed to make Tunstall the beneficiary of the insurance "for the purpose of a decent burial and attendance in declining health".

Bryant died on May 31, 1939, less than thirty days after the reinstatement of his membership.

A controversy having arisen as to who was entitled to the death benefits, the association paid the sum of $1,050, the amount then due, into the Circuit Court of Nottoway County, subject to the order of that court.

Tunstall filed a notice of motion for a declaratory judgment against the association, Mrs. Bryant and the two children of E. E. Bryant, asking the court to construe certificate No. 573, and to adjudge him to be the sole beneficiary under the said certificate and the by-laws, rules and regulations of the association. Mrs. Bryant answered and claimed the fund, by reason of her original designation as a legal beneficiary, alleging that Tunstall did not come within the class of beneficiaries designated by the statute. Neither the children of Bryant nor the association appeared or answered.

From the judgment of the trial court awarding the entire sum to Tunstall, Mrs. Bryant appeals, and the issue before us is confined to their respective claims.

It is admitted that Tunstall was not dependent upon Bryant, that he was not related to Bryant, and that he did not come within any of the classes of beneficiaries specified under Virginia Code 1936, section 4278.

The first question which squarely arises is whether one who is a beneficiary under the by-laws of a fraternal beneficiary association, organized under the laws of Virginia, but is not within one of the classes permitted to be a beneficiary under the statute, is a lawful beneficiary. In other words, shall the Virginia statute prevail, or shall a creature of that statute be permitted to overrule it and render it wholly nugatory?

No question arising upon the exact facts here given appears to have been heretofore presented to this court. However, the language of the Virginia statute and former decisions of this court on related questions enable us to reach an answer.

The pertinent provisions of Virginia Code 1936, section 4278, are as follows:

"Payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, to a person or persons dependent upon the member, or to a fraternal charitable institution, or sanitorium. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; but any society may, by its laws, limit the scope of beneficiaries within the above classes. * * * "

We think it is significant that the first sentence of our statute says that payment of death benefits "shall be confined" to the classes named. That limitation is made more emphatic by the words of the second sentence which, in giving the right to an insured to designate his beneficiary, or to make a change of beneficiary, provides that such right shall be "Within the above restrictions * * * ." Again, the last clause of the second sentence adds to the emphasis by the use of the following language: "but any society may, by its laws, limit the scope of beneficiaries within the above classes." Nowhere is there any language, express or implied, which gives to the society the right to enlarge the classes of beneficiaries listed in the statute.

In *Pettus* v. *Hendricks* (1912), 113 Va. 326, 74 S. E. 191, the insured had the fraternal society, a Virginia organization, issue a certificate designating Mrs. Ella Hendricks, his first cousin, as beneficiary. He thereafter made an incompleted request for a change of beneficiary, the new designee being Mrs. Lelia Pettus, his fiancee. Under the statute in effect at that time (Acts of Assem-

bly 1906, ch. 112, page 152, approved March 9, 1906), both Mrs. Hendricks and Mrs. Pettus were within the list of permitted beneficiaries. Under the charter of the society, Mrs. Hendricks was among the classes permitted, but Mrs. Pettus was not.

We held that the word "shall" in the statute, in declaring who may be beneficiaries, was used in a permissive rather than mandatory sense, and that the statute, in providing a larger class of persons capable of being designated as beneficiaries than that found in the charter or by-laws, was not intended to alter, modify or repeal the charter; but rather to enumerate the objects, that is to say, the classes of persons who might be named.

The statute was there held not to require the society to name all the classes therein enumerated. It permitted it to name any one or more of them. It did not add to the class or classes selected by the society from the specified list. Since Mrs. Pettus was not within the class capable of being designated under the charter, the statute did not alter, modify, or repeal the charter by adding a new classification of beneficiaries to the list therein named, and, therefore, she was declared not to have been lawfully designated as a beneficiary.

In *Shepherd* v. *Sovereign Camp, etc.* (1936), 166 Va. 488, 186 S. E. 113, the member had the fraternal society, a Nebraska corporation, issue a certificate payable to Tessie M. Shepherd, described as his "adopted daughter". Although Mrs. Shepherd had not been legally adopted by the insured, she was known as his child, had lived all of her youthful life in his home, and had been clothed, fed and educated by him. Virginia Code 1936, section 4278, provided that "children by legal adoption" could be beneficiaries of such insurance. The constitution and by-laws of the foreign society permitted "adopted children" to be beneficiaries. We construed the classification "adopted children" to be broad enough, under the circumstances of that case, to include Mrs.

Shepherd as a permissible beneficiary under the rules and regulations of the society.

We were not called upon in that case to pass upon any conflict between the laws of Virginia and Nebraska. There was no suggestion that the constitution and by-laws of the defendant corporation were in conflict with the laws of Nebraska. Therefore, Mr. Justice Eggleston, speaking for the court, said that our statute "was not intended to restrict or modify the constitution and by-laws of a Nebraska corporation," which had been doing business for many years in this State, in the absence of any expression of legislative intent of its application to such a situation. The question in issue was not whether the named beneficiary came within one of the classes of the Virginia statute, but whether or not she came within a class capable of being designated as a beneficiary under the constitution and by-laws of the foreign corporation. The right of foreign beneficiary societies to transact business in Virginia is regulated by Virginia Code 1936, section 4288.

It will be noted in the first cited case that the society was a Virginia organization, whose charter did not include as permissible beneficiaries all of the classes enumerated in the Virginia statute; that in the second case the society was a foreign corporation, whose constitution and by-laws were broad enough to include a person as a beneficiary who was not within any of the classes named in the Virginia statute; and that in the instant case the fraternal society is a Virginia corporation, whose by-laws have attempted to enlarge its classes of beneficiaries beyond those listed in the Virginia statute.

We held that our statute was inapplicable in *Shepherd v. Sovereign Camp, etc., supra;* but in that case we approved and affirmed *Pettus v. Hendricks, supra,* holding the statute there applicable. The facts in both the *Pettus Case* and the instant case distinguish them from the *Shepherd Case.*

No conflict of laws is involved in the instant

case. Here the fraternal society was organized under the laws of Virginia. It had only such power and such authority as the laws governing its organization conferred upon it. That power and authority is expressly set out in chapter 171 of the Code of Virginia 1936, entitled "Fraternal beneficial associations, orders and societies." A corporation organized under that chapter has no authority to create a fund for other persons than those specified in section 4278, nor can a member direct that the fund be paid to a person outside of such classes. The member has merely a power of appointment, a power limited to the classes named in the statute. Any other designation is invalid and void under the statute. The courts of other States sustain this view. *First Slovak, etc.* v. *McCrann*, 117 Conn. 48, 166 A. 678; *Lamothe* v. *Societe Laurier*, 244 Mass. 189, 138 N. E. 899; *Alexander, et al.* v. *Parker*, 144 Ill. 355, 33 N. E. 183, 19 L. R. A. 187.

"Furthermore, the person designated must be within the class permitted by the appropriate statute and the rules and regulations of the association. 'The society has no power to issue a certificate payable to a person not belonging to one of these classes; and the designation of a person thus ineligible as beneficiary is nugatory.' 45 C. J., p. 172, section 136; 19 R. C. L., p. 1280, section 78; Cooley's Briefs on Insurance (2d Ed.), vol. 2, p. 1311." *Shepherd* v. *Sovereign Camp, etc., supra.*

█ The attempted change of beneficiary being invalid under the statute, and hence ineffective and void, the contract of insurance must be regarded as though the designation of Mrs. Bryant as the original beneficiary under the only issued certificate had never been changed. Under that certificate, asked to be here construed, she was the only person named as a beneficiary who came within a class enumerated as eligible by the statute. *Pettus* v. *Hendricks, supra,* and cases cited.

██ Tunstall, not being an eligible beneficiary under the statute, has no interest in the fund and cannot be heard to question Mrs. Bryant's eligibility. The society,

having admitted its indebtedness by paying the fund into the court, has likewise waived the same right.

In *Smith's Adm'r* v. *Hatke* (1913), 115 Va. 230, 78 S. E. 584, Hatke's eligibility as a beneficiary was attacked by the administrator of the estate of a deceased member of a beneficial association, on the ground that he was not a relative or dependent. It was held that since the decedent's estate had no right or claim to the fund, under the statute or by-laws of the society, the administrator had no standing before the court and could not question Hatke's eligibility or right to the fund paid to him by the association.

In *Cole* v. *Kazim Temple Ben. Ass'n* (1930), 155 Va. 55, 154 S. E. 556, 160 S. E. 428, it was held that a stepchild, who was devised the proceeds from a death benefit policy in a fraternal association was entitled to the fund, although there was a question as to whether she was in a permitted class under the by-laws of the association, and that her eligibility could not be questioned by the distributees of the estate of the deceased member, nor by the association which had waived its rights by depositing the fund into court for proper distribution.

The Virginia statute does not add to the classes named in the charter, constitution or by-laws of a Virginia corporation, and conversely the charter, constitution and by-laws of a corporation, organized under the Virginia statute, do not add to the classes enumerated in that statute.

For its error in awarding the death benefits to Tunstall instead of to Mrs. Bryant, a properly designated and lawful beneficiary under the statute and under the by-laws of the association, the judgment of the trial court is reversed.

C. L. Jennings and T. H. Jennings, trading as C. L. Jennings & Son, having filed a petition in the nature of an interpleader in these proceedings to subject the funds in the hands of the successful litigant to a claim asserted by them, and no action having been taken thereon by the

trial court, this cause is remanded for such further proceedings as may be necessary to dispose of such issue as may therein be made.

*Reversed and remanded.*