## CIRCUIT COURT OF WASHINGTON COUNTY

Gentry Blackwell

    v.

Department of Motor Vehicles

February 15, 1989

By JUDGE CHARLES H. SMITH, JR.

This matter was before the court on February 8, 1989, for argument on counsel's "Motion to Dismiss." I have reviewed the record and applicable statutes and considered same in light of counsel's arguments.

The code section applicable hereto is § 2.1-114.5:1. It is a lengthy and complex statute which I find difficult to follow. In order to get a clear picture of the practical application of the statute, it must, I think, be read in conjunction with the "Grievance Procedure for State Employees" as promulgated and adopted by the Department of Employee Relations Counselors.

As counsel for the department points out, the grievance procedure for Commonwealth employees is a recent creature of statute. The court's jurisdiction, therefore, derives from that statute and operates only in three limited ways: (1) to conduct *de novo* hearings in cases of termination of permanent classified employees of the Department of Mental Health, Mental Retardation and Substance Abuse Services; (2) to appoint a third panel member in instances where the other two cannot agree; and (3) to conduct *de novo* hearings in cases where the grievant appeals a denial of a panel hearing by an agency head. The third situation is the one under which the court might assume and exercise jurisdiction in this case.

Section 2.1-114.5:1(E) requires the agency head to transmit the record to the clerk of court to which the

appeal is taken. It further states that the court shall hear the appeal within thirty days of receipt of the records and render its decision no later than fifteen days from the date of the conclusion of the hearing. The record in this case was filed in *this* court (after initial filing in and transfer of venue from the Circuit Court of the City of Bristol) on May 13, 1988. No action was taken on the file until November of 1988 when grievant requested a hearing. The hearing is scheduled for February 14, 1989. The department contends that the time limit for conduction of the hearing has long since expired, that substantial compliance has not been had, and that, therefore, the court has no jurisdiction. The department refers to the first paragraph of § 2.1-114.5:1 where it says:

> The grievance procedure shall afford an immediate and fair method for the resolution of disputes which may arise between an agency and its employees.

and contends that this denotes a legislative intent that the prescribed time limits be mandatory. I believe the department's interpretation of this code section is too narrow and unfair. Under this narrow interpretation, a grievant could lose his right to hearing if he were unable to pursue it due to disability, or disability or disqualification of the court, or disability of counsel or unavailability of witnesses, etc. I do not believe the General Assembly intended this unfair application.

I do believe that the inclusion of the thirty and fifteen day time limits do denote a legislative intent that these matters be given some priority on the court's docket. However, I believe the language is directory only and not mandatory.

> The word "mandatory" connotes an imperative command. That which is commanded in a mandatory statute must be done or the proceedings to which it relates are void.
> Mandatory statutes, where legislation points out specifically how an act is to be done, must be strictly construed. A statute accompanied

with a penalty for failure to observe is mandatory.

If by the use of negative words the statute requires a particular proceeding to be taken in a particular time or manner, makes it void if not so done, or gives it effect provided it is so done, or declares that unless it is so taken subsequent proceedings shall not be had, or prohibits its being done except at the time the statute prescribes or if any terms plainly imperative are employed, the intent is clear and no discretion can be permitted in construction. (Michie's Jurisprudence, *Statutes*, section 75).

A directory statute, on the other hand, is defined as follows:

Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly, and prompt conduct of the new business, and by failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory, and if the act is performed but not in the time or in the precise mode indicated, it may still be sufficient if that which is done accomplishes the substantial purpose of the statute. For example, laws prescribing the duties of public officers are usually peremptory or mandatory, while those fixing a time for the performance of such duties are directory. (Michie's Jurisprudence, *Statutes*, section 76).

The primary object in the interpretation of a statute is to ascertain and give effect to the legislative intent. Generally, the words "shall" and "must," when used in statutory provisions are usually expressive of compulsion and are mandatory in meaning. However, the words "shall" and "may" are used interchangeably at times and "shall" is often interpreted to be directory in meaning. The case of *Huffman v. Kite*, 198 Va. 196 (1956), cited by the plain-

tiff is a good case on point. The issue presented in that case, not too unlike the issue in the case at bar, was whether the prescribed time limitations for the court to appoint a School Trustee Electoral Board were mandatory or directory. The Supreme Court stated:

> Generally, the rule is where a statute specifies a time within which a public officer is to perform an act regarding the rights and duties of others, it will be considered as merely directory, unless the nature of the act to be performed or the language shows that the designation of time was intended as a limitation of power.
>
> The general rule most certainly is, that where a statute directs a public officer to do a thing within a certain time, without any negative words restraining him from doing it afterwards, the naming of the time will be regarded as merely directory, and not as a limitation upon his authority.

I am of the opinion that the time limitations prescribed by this statute are directory only and that the failure of the court to act within those time limits, for whatever reason, does not divest the court of jurisdiction nor otherwise limit the authority of the court to act.

### Motion to Quash

Counsel for the department has moved the court to quash the subpoena served upon the Commissioner of the Department of Motor Vehicles. Counsel states that it would be particularly oppressive to the Commissioner to have to respond to this subpoena while the General Assembly is in session. This is so because the Commissioner is on call every Tuesday to appear before the House and Senate roads and highways committees. This case is set for a Tuesday. I can find no authority for exempting the Commissioner from the lawful process of this court at any time, including the time when the General Assembly is in session. This would not be so, of course, if the Commissioner is under subpoena to attend or otherwise compelled to attend a committee of either house pursuant

to the provisions of § 30-10 of the Code. Unless that be the case, I will decline to quash the subpoena for the Commissioner.

Having said that, I do note that there are two members of the General Assembly subpoenaed to this hearing. They are, of course, entitled to claim their privilege pursuant to § 30-6 of the Code. If they elect to do so, and, if their testimony is material to the plaintiff, he would be entitled to a continuance, and it would render this issue moot.

Finally, the court would remind counsel for the plaintiff of the narrowness of the issue to be decided here, the grievability of a failure to promote complaint. This being the case, the court will be concerned only with evidence that relates to whether established promotional policies or procedures were followed or fairly applied. I do not intend to evaluate the relative qualifications of the plaintiff for the job he was not promoted to or to air general complaints about departmental policy or procedure.