# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Ortiz and Raphael
Argued by videoconference

ROBERT LEE JEFFREY, JR.

                                            MEMORANDUM OPINION[*] BY
v.       Record No. 1641-22-3        JUDGE MARY BENNETT MALVEAUX
                                                DECEMBER 20, 2022

SHERMAN LEA, SR., IN HIS CAPACITY AS THE
 MAYOR FOR THE CITY OF ROANOKE, AND
 PATRICIA WHITE-BOYD, WILLIAM D. BESTPITCH,
 JOSEPH L. COBB, STEPHANIE MOON REYNOLDS
 AND VIVIAN SANCHEZ-JONES, IN THEIR
 CAPACITY AS MEMBERS OF ROANOKE CITY
 COUNCIL

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Onzlee Ware, Judge

Melvin L. Hill for appellant.

David R. Berry (Monica T. Monday; Timothy R. Spencer, City
Attorney; Douglas P. Barber, Jr., Assistant City Attorney; Gentry
Locke, on brief), for appellees.

Robert Lee Jeffrey, Jr. ("appellant") appeals from an October 3, 2022 order sustaining a demurrer and denying his motion for declaratory judgment. On appeal, appellant argues that the circuit court erred in granting the demurrer because his Roanoke City Council seat was not forfeited upon his no contest plea. Appellant further argues that the circuit court order finding that he forfeited his office is void ab initio because he had no notice of the proceedings. However, we conclude that appellant did not join necessary parties to the declaratory judgment action.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Therefore, we will not consider this appeal on the merits, and we reverse the circuit court's judgment and remand to the circuit court for further proceedings.

BACKGROUND

Appellant, a duly elected member of the Roanoke City Council, pleaded no contest to one count of embezzlement under a written plea agreement on March 17, 2022.[1] The circuit court accepted appellant's no contest plea, entered a conviction order on March 21, 2022, and continued the case until June 7, 2022, for sentencing.

On March 21, 2022, the remaining members of the Roanoke City Council ("appellees") adopted a resolution, which directed the City Attorney

> to petition the [c]ircuit [c]ourt to issue an order confirming that the remaining members of [c]ity [c]ouncil are authorized to appoint a qualified voter to fill the council seat forfeited by Robert L. Jeffrey, Jr. until a special election can be held, and to issue a writ of election to order that such special election be held on November 8, 2022 to fill the remaining balance of the unexpired term from January 1, 2023 through and including December 31, 2024.

On March 22, 2022, the City of Roanoke ("the City") petitioned the circuit court for findings that: (1) under Code § 24.2-231, appellant "forfeited his seat" on the city council when he pled no contest to embezzlement, and (2) under Code § 24.2-228, the remaining city council members were authorized to appoint a qualified voter to serve until December 31, 2022. The vacancy petition also asked the circuit court to issue a "writ of election" under Code § 24.2-226 for a special election on November 8, 2022, to fill appellant's remaining unexpired term.[2] The City's

---

[1] In exchange for his plea, the Commonwealth agreed to nolle prosequi a second embezzlement charge. In separate proceedings, a jury convicted appellant of two counts of obtaining money by false pretenses. *See Jeffrey v. Commonwealth*, No. 1257-22-3. Appellant timely noted an appeal of all three convictions. *See id.* In the declaratory judgment proceedings, appellees disclaimed any reliance on the jury convictions.

[2] The unexpired term would run from January 1, 2023, through December 31, 2024.

- 2 -

petition alleged that under his plea agreement, appellant had "waived his right to appeal the felony conviction and thus all rights of appeal under Virginia law have expired."[3]

The City did not provide appellant with notice of the vacancy proceedings. The same day the City filed its vacancy petition, the circuit court entered an order finding that appellant had waived his right to appeal the embezzlement conviction and thus "all Virginia rights of appeal in that felony conviction have expired." Consequently, the circuit court held that appellant had forfeited his seat, effective March 17, 2022. The circuit court authorized the remaining city council members to appoint a qualified voter to serve until December 31, 2022, and issued a writ of election "requiring a special election be held at the November 2022 general election." Appellant was not served with a copy of the vacancy order. Appellees then appointed Anita Price to appellant's city council seat.

On August 22, 2022, appellant filed a motion for declaratory judgment against appellees challenging the validity of the vacancy order. His motion asserted that he was a duly elected member of the city council and had not waived his right to appeal. Appellant further alleged that his conviction was not final when the circuit court entered the vacancy order because he had not been sentenced. He argued that Code § 24.2-231 requires "an imposition of sentence or termination of appeal rights to forfeit" an elected office. Appellant asked the circuit court to declare the writ of election "null and void," order appellees to "reinstate" him to his seat, and enjoin the special election for his unexpired term of office.

Appellees filed a demurrer, arguing that Rule 1:1 barred relief because more than twenty-one days had passed since the circuit court had entered the vacancy order. In response, appellant moved for an order declaring the vacancy order void ab initio because the circuit court

---

[3] In fact, the plea agreement contains no such waiver.

- 3 -

lacked "subject matter jurisdiction." He argued that the circuit court had violated his constitutional right to notice in the vacancy proceeding.

By order of October 3, 2022, the circuit court found that it was without jurisdiction to modify the vacancy order because more than twenty-one days had passed since entry of that order, and therefore denied appellant's motion for declaratory judgment. For the same reason, the court sustained appellees' demurrer.

Appellant timely appealed the demurrer order on October 26, 2022. On November 1, 2022, appellant filed a motion in this Court for an expedited appeal and served counsel of record, the City Attorney for the City of Roanoke, with a copy of his motion. By order of November 2, 2022, the Court granted appellant's motion for an expedited appeal.

ANALYSIS

We review a circuit court's decision to sustain a demurrer de novo. *Givago Growth, LLC v. iTech AG*, 300 Va. 260, 264 (2021). Similarly, "[j]urisdictional issues are questions of law, which we review de novo." *McClary v. Jenkins*, 299 Va. 216, 222 (2020).

"The purpose of a demurrer is to determine whether a [petition] states a cause of action upon which the requested relief may be granted. A demurrer tests the legal sufficiency of facts alleged in pleadings, not the strength of proof." *Coutlakis v. CSX Transp., Inc.*, 293 Va. 212, 216 (2017) (quoting *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 356-57 (2010)). "At the demurrer stage, it is not the function of the trial court to decide the merits of the allegations set forth in a [petition], but only to determine whether the factual allegations pled and the reasonable inferences drawn therefrom are sufficient to state a cause of action." *Young-Allen v. Bank of Am.*, 298 Va. 462, 467 (2020) (quoting *Squire v. Va. Hous. Dev. Auth.*, 287 Va. 507, 514 (2014)). We review all conclusions of law in the petition, however, de novo. *Doe v. Baker*, 299 Va. 628, 641 (2021).

- 4 -

On appeal, appellant asserts that his city council seat was not forfeited merely upon his no contest plea because "Virginia's forfeiture statutes have never required forfeiture of office upon merely being found guilty. The statutes have required imposition of sentence or termination of appeal rights." Thus, he contends, the circuit court's vacancy order was void and not subject to the provisions of Rule 1:1. Finally, he argues that the vacancy order is void ab initio because he had no notice of the proceedings.

Appellees respond that the vacancy order was not void ab initio, so the circuit court properly concluded that it did not have jurisdiction under Rule 1:1 to set it aside. Further, appellees contend that appellant's declaratory judgment petition "was devoid of any factual allegations" regarding the remaining council members and thus failed to state a cause of action against them. Finally, appellees assert that the appeal should be dismissed because appellant failed to name two necessary parties—the City and Price.

It is appellees' final argument that we find dispositive in this matter. A necessary party is one who has a "material interest in the subject matter that is likely to be diminished or defeated" by the suit. *Garner v. Joseph*, 300 Va. 344, 351 (2021). The party may be in "actual enjoyment of the subject matter" or have an interest "in possession or expectancy" of it. *Raney v. Four Thirty Seven Land Co., Inc.*, 233 Va. 513, 519 (1987) (quoting *Gaddess v. Norris*, 102 Va. 625, 630 (1904)). We conclude that appellant did not join necessary parties to the declaratory judgment action. Both Price and the special election's winner—the successive de facto occupants of appellant's city council seat—have interests that "warrant[] their addition as necessary parties." *Garner*, 300 Va. at 353; *see also Huffman v. Kite*, 198 Va. 196 (1956) (considering appeal in a declaratory judgment action concerning a dispute over who was the proper office holder). Therefore, we reverse the circuit court's judgment sustaining the demurrer and remand to the court so necessary parties may be added if appellant is so inclined. *See*

*Garner*, 300 Va. at 352-53 (reversing and remanding for further proceedings after finding that necessary parties had not been joined); *Michael E. Siska Rev. Trust v. Milestone Dev., LLC*, 282 Va. 169, 182 (2011) (same).[4]

CONCLUSION

Given that appellant did not join necessary parties to his declaratory judgment action, we do not address the merits of his claim regarding the vacancy order. Accordingly, we reverse the circuit court's order granting the demurrer and remand to the circuit court for further proceedings consistent with this opinion. Our remand is without prejudice to any rights appellant may have to join any necessary parties in the declaratory judgment action.[5]

*Reversed and remanded.*

---

[4] We reject appellees' argument made on brief that appellant's appeal is subject to dismissal for failing to name necessary parties, for it is well established that "the necessary party doctrine does not implicate subject matter jurisdiction." *Glasser & Glasser, PLC v. Jack Bays, Inc.*, 285 Va. 358, 370 (2013) (quoting *Milestone Dev.*. 282 Va. at 177).

Further, we note that despite the fact that appellees raised the necessary parties argument for the first time on appeal, this Court "may note the failure to join a necessary party sua sponte." *Watson v. Commonwealth*, 297 Va. 347, 353 (2019); *see also Milestone Dev.*, 282 Va. at 173 (addressing appellee's argument, made for the first time on appeal, that appellant failed to name a necessary party and thus the appeal should be dismissed).

[5] We make no comment on whether there are other necessary parties to be joined apart from Price and the special election's winner.